791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
BRIAN JOHN CHASE, Defendant-Appellant.
 85-1222
 United States Court of Appeals, Sixth Circuit.
 4/2/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: JONES and NELSON, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Chase appeals the jury conviction of mail fraud under 18 U.S.C. Sec. 1341 (1982), alleging that the district court committed plain error in failing to give an unrequested cautionary instruction and that the district court abused its discretion in denying Chase's motion for a mistrial when an FBI agent expressed his opinion as to Chase's responsibility for certain acts.
 
 
 2
 In this criminal trial, an FBI agent testified to his personal opinion that the defendant Chase was the person who committed several acts:
 
 
 3
 Q. Over how long a period would you say you investigated this case before you determined that the suspect was a person that you should proceed to try to arrest?
 
 
 4
 A. I would say, I would have been confident in the summer of 1981, that the person representing himself as Richard Desmond was, in fact, Brian Chase, and at the same time I was very confident that the documents submitted to the State of Alaska by allegedly Richard Desmond were done, in fact, by Brian Chase by virtue of the latent fingerprint analysis of the effect that the money came from, the personal money order came from Mr. Chase's personal bank account, and additional investigation.
 
 
 5
 No objection was made until the following day:
 
 
 6
 MR. HELFRICK: Your Honor, yesterday, while Agent Whistler was testifying in this case, there were a couple occasions on which he indicated that in the summer of 1981 he was confident that Brian Chase had mailed these documents to Alaska or that he was the person responsible. It's my position that those statements by Agent Whistler constituted an opinion of a Government Agent as to the guilt of the accused, and, therefore, that evidence is now placed before the Jury, and I am moving for a mistrial on that basis.
 
 
 7
 The reason that no objection was made at that time was because I did not want to draw the Jury's attention to that statement and emphasize it any more than it had already been by Agent Whistler. I'm sorry I have waited until this point in time to have brought this up.
 
 
 8
 The government argued in response that the agent's testimony was admissible as opinion testimony by a lay witness under Federal Rule of Evidence 701. The district court considered the matter and offered to give the following limiting intruction to the jury:
 
 THE COURT:
 
 9
 .............................................................
 
 
 10
 ...................
 
 
 11
 * * *
 
 
 12
 I am prepared, unless the Government has an objection, to tell this Jury to the extent that Mr. Whistler's testimony yesterday expressed an opinion as to the guilt of the Defendant, and you will recall the testimony, ladies and gentlemen, and I instruct you that Mr. Whistler's opinion is not evidence of any kind and should play no part in your deliberations. Mr. Whistler is here as a fact witness, you know, and subject to cross examination as a fact witness.
 
 
 13
 Defense counsel then declined the immediate cautionary instruction to the jury, stating that he would propose an instruction prior to the jury's deliberation:
 
 
 14
 THE COURT: I have offered to give the Jury a cautionary instruction at this time. You have said you do not want it.
 
 
 15
 MR. HELFRICK: At this time, no.
 
 
 16
 THE COURT: What?
 
 
 17
 MR. HELFRICK: I don't want a jury instruction at this time, no.
 
 
 18
 THE COURT: You will ask for something at the end; is that right?
 
 
 19
 MR. HELFRICK: Yes, I will ask for something at the end.
 
 
 20
 Defense counsel failed to request a jury instruction later, and the limiting instruction was thus never given.
 
 
 21
 We conclude that to the extent the response contained testimony as to the agent's belief in the defendant's ultimate guilt, a limiting instruction was warranted. The court correctly offered an appropriate instruction. The defendant declined this instruction and failed to propose a jury instruction for use in the final instruction of the jury.
 
 
 22
 Thus the defendant Chase has failed to preserve the issue for review by failing to make his request to the lower court. The lower court's failure to make sure the jury instruction was given was not the egregious kind of omission that invokes the plain error doctrine. See United States v. Frady, 456 U.S. 152, 163 & n.13 (1982) (doctrine applies only to trial rulings that seriously affect fairness, integrity or public reputation of judicial proceedings). In sum, we find that the district court committed no error, nor was there an abuse of discretion in the denial of Chase's motion for a mistrial.
 
 
 23
 Even if the admission of this piece of evidence without a limiting instruction were deemed an error, it clearly did not affect the outcome of the trial. The government had overwhelming evidence: a confession from Chase regarding a car theft plan, fingerprints, and strong documentrary evidence that Chase, posing as a Richard Desmond, sought to obtain vehicle registrations in Alaska for vehicles that he did not own. There were surveillance photographs from a bank in addition to bank records that indicated strongly that Chase purchased the money orders that the Alaskan agency later received from 'Desmond' by mail. Consequently, if there was any error in admitting the evidence or failing to give the instruction, it was harmless.
 
 
 24
 Accordingly, we AFFIRM the district court's judgment.